Katherine A. Strike, WSB # 6-4284
STANBURY & STRIKE, PC
PO Box 1630
Lander, WY 82520
(307) 332-5000
(307) 332-5001 FAX
kstrike@stanbury-strike.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2018 DEC 17 PM 1:58

STEPHAN HARRIS, CLERK
CASPER

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JULIE L. ROHRBACHER<br>An individual,<br><br>Plaintiff.<br><br>vs.<br><br>TETON THERAPY, P.C.<br>A Wyoming Corporation,<br><br>Defendant. | Civil Action No. 18-CV-214-MLC |

### COMPLAINT AND REQUEST FOR JURY TRIAL

COMES NOW Plaintiff, Julie L. Rohrbacher, by and through her attorney, Katherine Strike, Stanbury & Strike, PC, hereby asserts the following allegations and claims against the Defendant, Teton Therapy, P.C.

This is an employment discrimination and harassment case arising from Teton Therapy's discriminatory treatment of Ms. Rohrbacher, a former employee, based on religion. Teton Therapy discriminated against Ms. Rohrbacher, a Non-Scientologist, by subjecting her to: (a) a hostile work environment based on religion by Teton Therapy's unwelcome

imposition upon her of Scientology religious practices, teachings, beliefs, training, and principles; and (b) disparate treatment based on religion when Teton Therapy coerced her to engage in a range of Scientology religious practices and training as a mandatory condition of employment.

This action assets violations of Title VII of the Civil Rights Act of 1964 [Title VII], *as amended*, 42 U.S.C. § 2000e, *et. seq.*

## I. PARTIES

1. Ms. Rohrbacher, a female, is a United States citizen and resident of the State of Wyoming.

2. At all times in issue, Ms. Rohrbacher resided and worked in the Judicial District of the Court.

3. Teton Therapy, P.C., is a corporation registered and incorporated in the State of Wyoming.

4. Defendant provides physical and occupational therapy services.

5. Jeff McMenamy is the Owner and Chief Executive Officer of Defendant.

6. Defendant conducts business in the towns of Riverton, Lander, Cheyenne, and Sheridan, in the State of Wyoming.

7. Ms. Rohrbacher was employed by Defendant from on or about November 30, 2011, to on or about May 24, 2013.

8. Defendant forced Ms. Rohrbacher to resign and/or constructively discharged Ms. Rohrbacher from employment on or about May 24, 2013.

## II. JURISDICTION AND VENUE

9. Jurisdiction is asserted pursuant to Title VII, 42 U.S.C. §§ 2000e, 2000e-5, and 2000e-5(f)(1)(3), *as amended,* the Civil Rights Act of 1991, 42 U.S.C. § 1981a (a) (1), (b) (1) - (4), (c), (d) (1) (2).

10. Ms. Rohrbacher, a Non-Scientologist, is a member of a Title VII protected class.

11. At all times in issue, Ms. Rohrbacher was qualified to perform the duties of her position.

12. At all times in issue, Defendant was an "employer" within the meaning of the Title VII. 42 U.S.C. § 2000e (b), (g), and (h).

13. Pursuant to 28 U.S.C. § 1391(b)(c), venue is proper in this Court because the events and claims arose in the town of Lander, State of Wyoming, in the Judicial District of this Court.

## III. ADMINISTRATIVE PROCEDURES

14. Prior to filing this action, Ms. Rohrbacher timely, properly, and lawfully exhausted all required administrative prerequisites, procedures, and remedies.

15. Ms. Rohrbacher filed a timely and proper charge of discrimination based on religion, under Title VII of the Civil Rights Act of 1964, *as amended*, and the Wyoming Fair Employment Practice Act of 1965, *as amended.*

16. Ms. Rohrbacher's charge of discrimination was jointly filed with the Wyoming Department of Workforce Services Fair Employment Program [WFEP Charge # 128-2013] and the Equal Employment Opportunity Commission [EEOC]. [EEOC Charge # No. 32K-2013-00146].

17. On September 18, 2018, the EEOC issued a Notice of Right to Sue letter to Ms. Rohrbacher.

18. This civil action is timely and properly filed because it is filed within 90 days of the date of the EEOC Notice of Right to Sue letter.

### IV. GENERAL ALLEGATIONS

19. Ms. Rohrbacher, a female, is forty-six years of age.

20. On or about November 30, 2011, Ms. Rohrbacher was hired by Defendant.

21. Ms. Rohrbacher worked as a receptionist and office assistant for Defendant at its facility in Lander, Wyoming.

22. The Church of Scientology is a religion developed by L. Ron Hubbard.

23. At all times in issue, Defendant's management acted through conduct by McMenamy, and/or conduct taken at the direction of McMenamy.

24. Based on the conduct of McMenamy and the conduct of Defendant, as alleged herein, Plaintiff reasonably believes McMenamy is a practicing Scientologist.

25. Defendant required Ms. Rohrbacher, in the course of her employment, to participate in, and be subjected to religious practices, teachings, beliefs, training, and principles of Scientology.

26. Defendant, throughout Ms. Rohrbacher's employment, subjected her to <u>mandatory terms and conditions</u> of employment based on religious practices, teachings, beliefs, training, and principles of Scientology.

27. Defendant's mandatory, Scientology-based, terms of employment, included but were not limited to requiring Ms. Rohrbacher to: (a) be subjected to management's preaching of Scientology practice and principles; (b) take and complete an employment orientation, training, and communication course entitled "Breaking the Code." [Code Course], which included completing a Scientology workbook and learning Scientology terms; and (c) attend a weeklong, management training Scientology-based seminar.

28. Ms. Rohrbacher found Defendant's conduct, in requiring her to participate in, and be subjected to mandatory terms and conditions of employment based on Scientology religious practices, teachings, beliefs, and training, to be unwelcome, offensive, intimidating, and abusive.

29. Defendant inserted religion into the workplace and created a hostile work environment for Non-Scientologists.

30. Defendant, as a mandatory term and condition of employment, required Ms. Rohrbacher to take and complete the Code Course.

31. Defendant explicitly conditioned a salary raise for Ms. Rohrbacher on her completion of the Code Course.

32. Ms. Rohrbacher, because of her need to remain employed, began the Code Course but could not finish the course because: (a) she objects to the teachings of Scientology; (b) she objected to the Defendant requiring her to take a course in Scientology; and (c) she found the Defendant's condition of employment and directive that she take and complete the course unwelcome, intimidating, offensive, and abusive.

33. Ms. Rohrbacher voiced her objections/complaints to the Defendant required concerning being required to participate in, and be subjected to religious practices, teachings, beliefs, training, and principles of Scientology, including mandatory terms and conditions of employment based on religious practices, teachings, beliefs, training, and principles of Scientology.

34. Ms. Rohrbacher's Objections/complaints to Defendant concerning Scientology practices/requirements included but were not limited to: (a) Defendant subjecting her to Scientology religious teachings, beliefs, training, etc.; (b) the Code course was written by L. Ron Hubbard; (c) Defendant was forcing her to learn Scientology teachings and principles; and (d) the training was based on Scientology.

35. The Core Course uses concepts and communication terms directly taken from teaching, practices, and beliefs of Scientology.

36. The stated purpose of the Code Course is to teach principles directly emanating from L. Ron Hubbard, the founder of Scientology.

37. The Code Course training uses terms directly associated with L. Ron Hubbard.

38. The Code Course teaches principles directly taken from the practices, teachings, principles, and beliefs of Scientology.

39. The Core Course uses concepts and communication terms directly taken from the practices, teachings, principles, and beliefs of Scientology, including but limited to:

(a) The A-R-C Triangle,

(b) High affinity,

(c) Low affinity,

(d) Reality (area of agreement),

(e) No reality (no area of agreement),

(f) Balanced inflowing/outflowing communication,

(g) The K-R-C Triangle,

(8) Command line,

(h) Backflashing,

(i) Product and value,

(j) Condition of non-existence,

(k) Emergency condition,

(l) Battle plan, program and strategic plan,

(m) Completed staff work (often abbreviated as dev-t),

(n) Developed traffic,

(o) Up- statistics (and down statistics),

(p) Ethics reports,

(q) Entheta,

(r) Enturbulate,

(s) 201Confronting,

(t) Off-origin,

(u) Channel skip,

(v) Hat, and

(w) Non-compliance.

40. The terms used in the Code Course have specific meanings and those meaning are unique to their use in Scientology. The terms, as defined by L. Ron Hubbard, are not part of the common vernacular.

41. The combination of terms in the Code Course is unique to Scientology.

42. On or about April of 2013, Defendant posted/advertised for the position of Manager at Defendant's Lander Clinic. [Manager position].

43. In April of 2013, Ms. Rohrbacher effectively applied for promotion to the Manager position.

44. Ms. Rohrbacher was qualified to serve in the Manger position.

45. Defendant informed Ms. Rohrbacher that she needed to retake and the complete the Code Course prior to selection for the Manager position.

46. In the course of her application for the Manager position, Defendant informed Ms. Rohrbacher that she needed to take a weeklong, Scientology-based management course, which Defendant's managers complete.

47. The management course was in the Clearwater, Florida, at or near the location of the Flag Land Base of the Church of Scientology, which is advertised as an important spiritual headquarters.

48. Defendant directed Ms. Rohrbacher to consult with a Scientology life- coach.

49. Ms. Rohrbacher refused to: (a) retake and complete the Code Course; (b) attend and complete the weeklong, Scientology-based management course in Clearwater, Florida; and (c) consult with a Scientology life-coach.

50. Defendant informed Ms. Rohrbacher that she was an unsuccessful applicant for the Manager position.

51. In May of 2013, Ms. Rohrbacher informed Defendant she was uncomfortable with the Scientology process/practice/concept of termination and the techniques and teachings of the Code Course, and that she did not want to retake and complete the Code Course or Scientology-based communication courses, and/or consult with Scientology-based coach.

52. Defendant, in response to Ms. Rohrbacher refusals to engage in Scientology-based practices, teachings, and training directed her to quit and take two week's severance pay or she would be fired.

53. Defendant forced Ms. Rohrbacher to involuntarily resign from employment.

54. Defendant constructively discharged Ms. Rohrbacher by creating an intolerable working environment, based on the totality of conditions and discriminatory animus, terms, and working environment, that would have compelled a reasonable person in Ms. Rohrbacher position to resign.

55. Based on the above factors and conditions, Ms. Rohrbacher resigned from employment.

56. Defendant's discrimination against Ms. Rohrbacher includes discrimination based on her failure to conform to Defendant's Scientology religious practices, beliefs, training, and principles.

57. Defendant's discriminatory treatment of Ms. Rohrbacher was intentional, willful, and/or and in reckless disregard of her right to be from religious discrimination under Title VII.

## FIRST CLAIM

### [Religious Harassment – Hostile Work Environment]

58. Title VII prohibits religious harassment in the form of a hostile work environment, based on religion. 42 U.S.C. Sections 2000e-2 (a) (1).

59. Defendant, in consideration of all the facts, in a cumulative manner, intentionally created, tolerated, and perpetuated a hostile work environment, based upon religion, against Ms. Rohrbacher.

60. The Defendant's conduct created a workplace that was permeated with discriminatory intimidation and insult, sufficiently severe and pervasive as to adversely alter the terms, conditions, and privileges of Ms. Rohrbacher's employment and create an abusive working environment for Ms. Rohrbacher.

61. The Defendant's actions constitute discrimination against Ms. Rohrbacher based on religion.

62. The cumulative adverse conduct to which Ms. Rohrbacher was subjected was: (a) continuous; (b) severe; (c) humiliating; (d) repeated; and (e) emotionally threatening and harmful.

63. The Defendant's hostile work environment included but was not limited to the following tangible employment actions: (a) denying Ms. Rohrbacher promotion to the Manager position; and (b) forcing the involuntary resignation of Ms. Rohrabacher from employment and/or the constructively discharging Ms. Rohrabacher from employment.

64. The hostile work environment to which Ms. Rohrbacher was subjected was created and perpetuated by McMenamy, a person in the management/owner level of Defendant,

possessing substantial authority over the terms and conditions of Ms. Rohrbacher's employment, and/or by persons working pursuant to the direction of McMenamy.

65. The Defendant created and perpetuated and knew or should have known of the cumulative conduct to which Ms. Rohrbacher was subjected and Defendant: (a) failed to implement reasonably prompt, and appropriate corrective action concerning the cumulative, unlawful conduct to which Ms. Rohrbacher was subjected; and (b) failed to respond reasonably to the hostile work environment based on religion.

66. Each successive episode of the Defendant's cumulative and total conduct set forth in this Complaint, and constituting the hostile work environment confronted by Ms. Rohrbacher, had its predecessors, and the impact of the separate incidents accumulated such that the unlawful work environment created, exceeded the sum of any individual episode.

67. The Defendant's conduct directly caused Ms. Rohrbacher to suffer severe mental and emotional distress and economic losses.

68. Ms. Rohrbacher, as a Non-Scientologist, was specifically targeted and harmed by the Defendant's cumulative conduct, which exposed Ms. Rohrbacher, a Non-Scientologist, to disadvantageous terms and conditions of employment in the form of a hostile work environment to which practicing Scientologists and/or Defendant's employees who participated in the Defendant's Scientology practices and requirements, were not subjected.

69. The Defendant's adverse conduct against Ms. Rohrbacher was sufficiently severe and pervasive to adversely alter the terms, conditions, and privileges of Ms. Rohrbacher's employment and create an abusive working environment for Ms. Rohrbacher. Defendant, in a

cumulative and continuing manner, created, tolerated, and perpetuated an unlawful and unwelcome hostile work environment based on religion, for Ms. Rohrbacher.

70. Ms. Rohrbacher constitutes: (a) an intentional, unlawful, hostile work environment, based on sex, in violation of 42 U.S.C. Sections 2000e-2(a) (1) (2); (b) intentional and willful unlawful discriminatory practices in violation of 42 U.S.C. Section 1981a (a) (1), (b) (2) (3), (d) (1) (2); and (c).

## SECOND CLAIM

### [Religious Discrimination in Violation of Title VII]

71. Ms. Rohrbacher hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

72. Title VII prohibits the Defendant from discriminating against Ms. Rohrbacher: (a) with respect to her compensation, terms, conditions, or privileges of employment, because of religion sex; and/or (b) by limiting, segregating, or classifying her in any way, which would deprive, or tend to deprive her of employment opportunities, or otherwise adversely affect her status as an employee, because of religion.

73. Ms. Rohrbacher, a Non-Scientologist, is a member of a protected Title VII class.

74. Defendant engaged in unlawful, direct, and intentional religious discrimination against Ms. Rohrbacher because of her religion. 42 U.S.C. Sections 2000e-2(a)(1)(2).

75. As specifically described in the prior paragraphs of this Complaint, Defendant discriminated against Ms. Rohrbacher: (a) with respect to her compensation, terms, conditions, and privileges of employment because of her religion; and (b) by limiting, segregating, and

classifying Ms. Rohrbacher in a manner which deprived or tended to deprive Ms. Rohrbacher of employment opportunities, and adversely affected her status as employee, because of religion.

76. Defendant, intentionally subjected Ms. Rohrbacher to more adverse, discriminatory, hostile, and retaliatory practices, concerning the terms and conditions of her employment, than the way Defendant treated employees who were Scientologists and/or who participated in Defendant's mandatory Scientology-based practices and training, and/or complied with Defendant's mandatory Scientology-based terms and conditions of employment of their employment.

77. Defendant's unlawful, intentional religious discrimination was created, perpetrated, and/or tolerated by Defendant's owners and managers, all having specific knowledge, or reason to know, of the discriminatory actions set forth herein.

78. Defendant's treatment of Ms. Rohrbacher constitutes: (a) intentional, unlawful sexual discrimination, in violation of 42 U.S.C. Sections 2000e-2(a)(1)(2), and (b) intentional, willful, unlawful discriminatory practices in violation of 42 U.S.C. Section 1981a (a)(1), (b)(1)(2)(3)(D), and (d)(1)(2).

## VI. **REQUEST FOR RELIEF**

WHEREFORE, Defendant's unlawful conduct directly caused Ms. Rohrbacher to suffer injuries, damages, and losses;

FURTHER, Ms. Rohrbacher respectfully requests this Court to enter judgment in her favor and against Defendant on the claims in issue and award the following relief under Title VII, and all applicable laws:

(a) To enter a judgment in favor of Ms. Rohrbacher and against Defendant, finding the acts of the Defendant constitute unlawful intentional discrimination in violation of the Title VII.

(b) To enter a judgment in favor of Ms. Rohrbacher and against Defendant, finding the acts of the Defendant constitute a willful violation of Title VII.

(c) To award Ms. Rohrbacher the remedies of damages for back pay, front pay, restored benefits, accommodations, actual monetary damages, loss of wages, salary, retirement contributions, all loss of income, and all loss of monetary damages to which she is entitled.

(d) To award Ms. Rohrbacher compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses, and all loss of compensatory damages to which she is entitled.

(e) To award Ms. Rohrbacher punitive damages.

(f) To award Ms. Rohrbacher attorney fees and costs.

(g) To award Ms. Rohrbacher pre-judgment and post-judgment interest at the appropriate rate provided by law.

(h) To direct Defendant to take such affirmative relief steps as are necessary to ensure that the effects of Defendant's unlawful employment practices are eliminated and do not continue to affect Ms. Rohrbacher's employment opportunities; and

(i) Order Defendant to reinstate Ms. Rohrbacher to employment or in lieu of reinstatement, award Ms. Rohrbacher front pay.

(j) To award Ms. Rohrbacher all other legal and equitable relief, to which Ms. Rohrbacher is entitled pursuant to any law, that this Court deems just, equitable, and proper.

## VII. JURY TRIAL REQUEST

Pursuant to Fed.R.Civ.P. 38 (a)(b)(c), Title VII, and all applicable laws providing for a right to trial by jury, Ms. Rohrbacher requests a jury trial of all claims and issues in this action, and herewith submits the requisite jury fee.

Dated: December 17th, 2018.

Respectfully submitted this 17th day of December 2018.

Julie L. Rohrbacher, Plaintiff

Katherine Strike, WSB # 6-4284
STANBURY & STRIKE, PC
PO Box 1630
Lander, WY 82520
(307) 332-5000
(307) 332-5001 FAX
kstrike@stanbury-strike.com

Attorney for Plaintiff